IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 30, 2002

# TRUSTEES OF THE LAKEWOOD PARK TRUSTEESHIP
# v. RAMSEY A. JOHNSON, SR.

**Appeal from the Circuit Court for Coffee County**
**No. 30,733     John Wiley Rollins, Judge**

_____

**No. M2002-00244-COA-R3-CV - Filed April 7, 2003**

_____

The trustees of a residential/recreational development sued the owner of a number of lots in the development for failure to pay assessments for several years.  The owner appeals arguing there was insufficient proof he received the notices for the years in question.  We affirm the trial court's judgment in favor of the trustees.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which Ben H. Cantrell, P. J., M.S., and WILLIAM C. KOCH, JR., J., joined.

Joseph E. Ford, Winchester, Tennessee, for the appellant, Ramsey A. Johnson, Sr.

Mark A. Nobles, Murfreesboro, Tennessee, for the appellee, Trustees of the Lakewood Park Trusteeship.

**MEMORANDUM OPINION[1]**

Ramsey Johnson, Sr. owns a number of lots located in Lakewood Park, a residential and recreational development in Coffee County, Tennessee.  Under the governing document of the development, the Intrastate Exemption Statement, the Trustees are authorized to make assessments on the lots and parcels of land in Lakewood Park.  According to that document, the Trustees are

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

allowed to make an assessment of $60.00 per lot per year for the purpose of carrying out the general duties and powers of the Trustees, and may make special assessments of up to $25.00 per lot per year.

Mr. Johnson did not pay the assessments on his lots for a number of years, and the Trustees brought suit in General Sessions Court for "failure to pay Park assessments and failure to pay Road assessments, plus interest on each, pursuant to covenants found in Trust Deed Book 305, Page 895." The General Sessions Court entered judgment for the Trustees in the amount of $1,530.12 plus costs.

Mr. Johnson appealed to the Circuit Court, where the matter was tried *de novo* by the court sitting without a jury. The trial court entered a final order finding that Mr. Johnson owed the Trustees $2,150.96.[2] Mr. Johnson appeals. The record herein consists of the Technical Record, two exhibits introduced at trial, and a Statement of the Evidence approved by the trial court which attaches a copy of the Intrastate Exemption Statement.

The Statement of the Evidence includes the following:

Article III(2) of the same document [the Intrastate Exemption Statement] indicates as follows: all assessments, either general or special, made by the Trustees for the purpose hereinabove enumerated, shall be made in the manner and subject to the following procedure, to wit: A. "Notice of all assessments may be given by mail addressed to a last known or usual post office address of the holder of legal title or lot purchaser and deposited in the United States Mail, postage pre-paid or may be given by posting a brief notice of the assessment upon the lot itself. Service in either of the above methods shall be sufficient."

Ms. June Walker, one of the five Trustees of Lakewood Park, testified on behalf of Lakewood Park in both the General Sessions Court of Coffee County, Tennessee, and at the Circuit Court level. Ms. Walker explained how the individual property owner's assessments are calculated and testified as to how notices are given. Although Lakewood Park has the option of posting notices on the property, Ms. Walker testified that Lakewood Park's method of giving notice is through the United States Postal Service. Ms. Walker testified that Lakewood Park sends notices to every property owner for whom an address is known. Ms. Walker further testified that Mr. Ramsey Johnson's address was known to the Trustees and that notices were sent twice a year, every year, to Mr. Johnson's last known address. She further testified that these notices were not returned to Lakewood Park. Although Ms. Walker could not testify that she personally mailed Mr. Johnson's notice, she did testify that she participated in the mailing process and that it was customary for Lakewood Park to mail notices to each and every property owner.

---

[2]The trial court declined to award attorney's fees.

Finally, Ms. Walker testified that the most recent notice was sent to Mr. Johnson at the same address as the prior notices, but this notice was sent certified mail. Ms. Walker testified that the certified mail was accepted.

In addition to Ms. Walker's testimony at the trial in Circuit Court, Trustee J. R. Campbell also testified on behalf of Lakewood Park. Mr. Campbell stated that it was Lakewood Park's custom to send notices to each property owner, to the last address that such property owner had given Lakewood Park. He was unable to swear that he personally deposited Mr. Johnson's notice in the United States Mail; but he did testify that it was the policy of Lakewood Park to mail notices to all property owners for whom an address was known and that the Park had an address for Mr. Johnson. Therefore, he would have received notice.

In Circuit Court, Scarlett Johnson (wife of defendant Ramsey Johnson) testified on Mr. Johnson's behalf. Ms. Johnson admitted receiving notices between 1992 and 1995, but claims she did not receive notice from 1996 onward.

On appeal, Mr. Johnson asserts that the testimony of the trustees regarding their practice for mailing notices was insufficient to raise the presumption that the mail was received. Therefore, he argues, there was no proof he received the notices and the Trustees are not entitled to judgment for the fees. The Trustees assert they proved that the notices were mailed in compliance with the governing document and that proof is sufficient to support the judgment.

We agree with the Trustees. The evidence does not preponderate against a finding that the Trustees complied with the requirements of the Intrastate Exemption Statement. *See* Tenn. R. App. P. 13(d). Consequently, we affirm the judgment of the trial court. Costs of this appeal are taxed to the appellant, Ramsey A. Johnson.

_____

PATRICIA J. COTTRELL, JUDGE